IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence L. Crawford, a/k/a Jonah Gabriel Jahjah Tishbite, | )<br>)<br>) |
| Petitioner, | )<br>) |
| vs. | ) Case No. 9:16-cv-3808-TLW<br>) |
| Warden McFadden, | )<br>) |
| Respondent. | )<br>) |

## **ORDER**

Petitioner Lawrence L. Crawford, an SCDC inmate proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2254 for habeas relief. ECF No. 1, 16. On December 22, 2016, the Court issued a proper form Order directing Petitioner to bring the case into proper form and notifying him that if he did not, the case would be subject to dismissal. ECF No. 5. In response to the Court's proper form Order, Petitioner filed, *inter alia*, letters, ECF Nos. 8, 11, 12, motions, ECF Nos. 7, 13, 18, affidavits, ECF Nos. 19, 22, 23, and an Amended Petition, ECF No. 16, but failed to bring the case into proper form. On May 4, 2017, United States Magistrate Judge Bristow Marchant issued a Report and Recommendation recommending summary dismissal of the Petition. ECF No. 27. Thereafter, Petitioner filed several documents including objections to the Report. ECF Nos. 29, 31, 32, 33, 34, 35, 36, 38, 39, 40. Petitioner also filed a motion for consolidation, recusal, and a change of venue. ECF No. 37. This matter is now ripe for disposition.

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in

whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the voluminous filings and the relevant law. While Petitioner asserts general legal conclusions, he does not state a basis for habeas relief. As to Petitioner's constitutional claims in his filings, the record reflects that Petitioner's claims do not state a cognizable claim under federal law. In Petitioner's objections, he restates conclusions and allegations from his previous filings, but fails to state any legal or factual basis for the Court to reject the conclusions in the Report. To the extent that his objections can be understood, the efforts of Petitioner to incorporate filings from other cases is not appropriate. *See Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440 (E.D. Va. 2009). Further, the Court notes that although Petitioner has filed numerous documents in this case, he has failed to bring the action into proper form.

For these reasons and the reasons stated by the Magistrate Judge, the Report, ECF No. 27, is hereby **ACCEPTED**, the Petitioner's Objections, ECF Nos. 29, 31, 32, 33, 34, 35, 36, 38, 39, 40, are **OVERRULED**, and the Petition, ECF Nos. 1, 16, is **DISMISSED** without prejudice and

without requiring Respondent to file a return. In light of the dismissal of this action, Petitioner's motion for consolidation, for recusal, and for a change of venue, ECF No. 37, is hereby denied as **MOOT**.

The Court has reviewed this Petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

February 12, 2018
Columbia, South Carolina